May it please the Court, Your Honor, Michael Carmel for Mr. Sternberg. And all of my contacts with both of your clients were entirely pleasant. That's good to know, Your Honor. If I may, I'd like to reserve five minutes for rebuttal. Sure. Subject to questions that the panel has, I'm going to focus my argument on whether or not there was a stay violation by Mr. Sternberg. First, he was operating within a statutory exception to the automatic stay that permits a party to proceed against a defaulting husband on alimony arrearges. The specific statutory exception is section 362b2a. To establish what? To establish alimony arrearges. In contempt? You can also establish whether or not you're in contempt. That would not be a stay violation in my view. That's not what even District Court Judge Bloomfield determined was a violation of stay, nor Judge Curley for that matter. You also can collect from property, any property that's not property of the bankruptcy of stay. That's under section 362b2b. The only time that bankruptcy automatic stay is implicated is if the collection action is taken against bankruptcy of stay property. The order went beyond that. The order in question, which was issued by the judge against, not expected, but it threatened to imprison him. He didn't pay. There were six portions of the order. All right. But part of it did, and Mr. Sternberg for his law firm defended that, the entire order, without that distinction, in the State court. It is possible, Your Honor, that part of that State court order was a violation, although I don't necessarily agree with that. And if I can, I'll explain why. To the extent there was a determination that bankruptcy, non-bankruptcy property could have been utilized to satisfy that judgment, there would not have been any violation of the order at all. But the order doesn't say anything about that. It does not. The order says pay $87,000 or be incarcerated. If he doesn't pay the money because he doesn't have it for non-estate funds, that doesn't diminish the problem of or be incarcerated. Right. And in the petition for special action that Mr. Johnston filed, that he filed on his own behalf, he did not focus on that issue. He focused on much more broader relief is what he was seeking. He sought an entirely new trial before a new judge. He asked for a stay of the order, but he asked for much broader relief. You're taking an additional step, and I'll let you take that. But at this point, I want to make sure you're conceding, in fact, that the State order is not just a maybe. On its face, it doesn't have the limitation you acknowledge needs to be applied. So the State court order in its form was, in fact, a violation of the automatic bankruptcy state. Isn't that the case? That's the first step, and you told us no, but I don't see how it can be no. If he had, if he had $87,000. But you didn't say that. And there's subsequently a finding that he did not have. Right. And so in reality at that time, although it may not have been established whether or not he had it from non-estate funds, the State court order itself has no such limitation, and the court later determined that he did not have it. I agree.  I agree that there is an issue about whether the State court violated the State. See, there is an issue, and I'm trying to answer the issue. And you said, well, it may not. But when I ask you, but doesn't it have to, you've acknowledged the State court order doesn't have a qualification, doesn't say anything about this. It seems to say you go to jail if you don't pay the money, and that, in fact, the district court later found, as a matter of fact, not challenged on appeal, that he did not have resources sufficient for non-estate funds. That is correct. So it seems to me at this step, it's more than there may have been a violation. It seems pretty clearly the State court order is a violation of the automatic stay. And assuming that. The next question becomes what happens after that or whose duty it is to fix. Right. And you've moved on to the argument suggesting that Mr. Johnston did not focus his attack on this particular problem. But the starting point is whether there is a problem. And I think now I'm seeking concession by you that there is a problem, and if not, a better explanation as to why there isn't. I think that there is a problem as far as that State court order and the broad brush that it had. Right. So then why, if he comes in and says this State court order is a good order and you should leave it alone, isn't that, and doesn't affirmatively move under our case law to undo at least the aspects of the order that are no good, there's a, he's committed a stay violation. That doesn't tell you what the relief is, but it tells you there's a stay violation. And from the outset, going back to the State court hearing, Mr. Sternberg is on the record of saying, I'm not going to be pursuing any sanctions. We're going to establish a reerges, and we'll see if we can have a contempt clause. But after the judge ordered, said pay this by August 1st or you're going to jail, he didn't come in and say, judge, you made a mistake, let's get rid of this enforcement. In my view, judge, the issue is whether or not Mr. Sternberg took any collection action against bankruptcy property. But that's not true under our case law. That's the problem. Under our case law, once there was a stay violation by the court, as I understand, it's between the debtor and the person who got the order in the first place who was going to spend the money to correct the stay violation, and because Mr. Sternberg didn't do it, Mr. Johnston did, and he spent fees on doing that. Your Honor, the way that I read a sconce is if a party violates the stay, the party has to undo that violation. Mr. Sternberg did not violate the stay. The state court order violated the stay. That's what Judge Curley found, and those were fat findings. And absent some clear error, those should be upheld on appeal. Who's burden is it to, between a debtor and a creditor, to ensure compliance with respect to that debt, compliance with the automatic stay? It's the creditors, isn't it? Well, it's the creditors to make sure that the creditor does not violate the stay, and I don't dispute that. And does that duty extend to remitting a court order that violates the automatic stay? Well, a sconce doesn't answer that question, and I think that if you were to take action infatuating that state court order, then certainly you would be in violation of the stay. How about defending it on appeal? The problem with defending on appeal? That doesn't count? Well, the problem with the defense on appeal is that the defense was for much broader relief. It was never focused on incarceration. And even the response to the Petition for Special Action to the Court of Appeals did not say incarcerate him, did not say we're going to go after him for bankruptcy of state property. It just said deny the broad relief that he is seeking. It defended the order in its entirety. Yes, it did. An order which you conceded to my colleague, in fact, violated the stay. A portion of the order violated the stay. There were four parts of that order. But the response said that O'Connor, Justice O'Connor, properly exercised her broad discretion. It was a proper exercise of her discretion to deny the motion for relief from judgment. And asks that the relief that Petitioner seeks, the Petition for Special Action be denied. So. I agree. I agree. I mean, that's what the response says. The relief that he sought was to ask for a new trial in front of a new judge and. It also says that he waived the automatic stay. I'm sorry? It says he waived the automatic stay. He did. At the state court hearing, he waived the automatic stay. He allowed. You can't waive the automatic stay. A debtor can waive the automatic stay, Your Honor. How did he waive it? He waived it by allowing the hearing to go forward. It's in the record. It's in the state court transcript. And if that was determined to be wrong, then this. In other words, by arguing that he waived the automatic stay, you're arguing the whole thing is fine. Well, there is that. Now, what Mr. Johnson did say in the. . . Did you want to say anything about the fee issue? I mean, just as a forecast. I mean, my biggest problem with this case is why they're entitled to fees once the stay was removed. Why they were able to get more fees than simply the fees that it took to undo the contempt order. I'm going into a little bit of my rebuttal time, but I would like to respond to that. What has troubled me about this case from the get-go, particularly after the ruling on the fees, was the precise issue that you've addressed. Is there any Ninth Circuit law allowing that? The law is that you're entitled to fees to remedy the stay. Right, which means, to me, removing it. But what about fees on the adversary proceeding with regard to damages? There's no authority that I can find in the Ninth Circuit that says that you're entitled to all that. And the bulk of those fees, of the $69,000, it's got to be, I don't know precisely, but probably well over $65,000 of those fees were for the stay litigation as opposed to for the. . . If there were sanctions, it would be a whole different story. No, I don't think that it is. There wasn't sanctions. And, in fact, Judge Curley, who had initially found that there was no stay violation, was very clear in her opinion, in all of her written opinions, that she never found any of Mr. Sternberg's conduct to be egregious or inappropriate, improper, anything like that. She, of course, initially found that there were, that he acted properly. And she only then later had to conclude on damages once she was reversed on appeal on the directive verdict motion. If I may, I've way overgone it. I would like to preserve the remaining few minutes on that. You have about three and a half minutes, counsel. Thank you for your argument. Okay. Mr. Ailey? This Court seems to have already ceased on the fact that there is a stay violation, that the issue was not properly even raised to challenge the finding of fact. I want to point out one thing about this. Well, gee, maybe we should have just limited the way we did our opposition to my client's petition. My client was asking for a stay of that order that would have otherwise caused him to go to jail in two weeks. Mr. Sternberg was opposing that stay. That opposition has been co- He was entitled to a stay of the entire order. He was only entitled to the stay of the portion that threatened to send him to jail, right? So in a way, it was overstated. It's an unusual case because there is an exception to the stay that went part of the way to validating what happened. The stay would have been of the operative functions of the order. In other words, the stay would have been the collection and the incarceration. The collection was wrong because it was not limited to property of the estate. The incarceration was wrong because it was a way to coerce payment. Was it set up that way? I mean, was the request to say, okay, let the adjudication of the arrearages stand and the adjudication of contempt stand, but it can't be enforced? Your Honor, I don't think that that's part of this record. I don't think that the appellant included that in this record. I didn't file it. My client was representing himself pro per there. But the stay that we were asking would not have stayed in the determination of the arrears. The other thing, the arrearage determined I'm asking you, it wasn't really set up that way. So in a way, you know, you were both overreaching somewhat. And let's put this in just a little bit of perspective. The difference in the parties on the arrears, one thought it was $84,000. One thought it was $87,000. It's a tiny little piece of this case. We ultimately prevailed on that later on. But I'm not sure that really gets you somewhere because to the extent that there is non-estate property available, that's not immunized by the bankruptcy filing. And that's presumably part of what's being fought out in state court. The finding of no, it wasn't in state court. It was in bankruptcy court. It was is there sufficient funds to pay this $87,000? Let me change that. Make clear what I said. Okay. To the extent that there is non-estate property available. I'm not saying that there's any question. There is a factual finding. There wasn't sufficient non-estate property available. But that doesn't immunize non-estate property from being taken by the state court. I don't disagree. I think you've put your finger right on it when you said you could have tailored this, you could have limited it, but they didn't. But why isn't that true for both sides? Because your appeal, your effort to seek a stay at the state court order was not, in its face, limited to that portion that's covered by the automatic bankruptcy stay. It was a broader attack. Neither party was really focused on this bankruptcy piece so much at the time, at least as I've looked at the paper. That petition never actually was heard because of the stay and because of the subsequent finding by the bankruptcy court on the 31st. The appellate court merely heard whether or not to grant a stay of the incarceration order, which it granted. Then that afternoon, I went to bankruptcy court, and the bankruptcy court held the order to be a stay violation, so the matter was over at that point. The order was void. The bankruptcy court did not see fit to carve out certain portions of it. But as far as Mr. Sternberg is concerned, his stay violation was simply supporting the order without differentiation on appeal. That's part of it, I think. I think that's the clearest part of it. The other part of it, I think he had an affirmative duty to assist or even to take the lead in vacating that order, and he didn't. And when Mr. Johnson ---- That's the same thing all over again, because the question put to him or the request put to him, as I understand it, was not one limited to the estate portion or the estate property portion. To the extent that there was an exception available under the bankruptcy law for pursuing collection from non-estate property, I don't see the request being made to Mr. Sternberg that's limited to the portion that is covered by the bankruptcy stay. And in a sense, it's sort of a plague on both houses here, because both are fighting the state court order more broadly. As it happens, part of it is a violation of the automatic bankruptcy stay, and that's determined in fairly short order from the bankruptcy court. And here we are years and several thousand dollars, in fact, include the appeal. I'm sure we're now into six figures over what's really a fairly small dispute. No, but time out. There is a legitimate ability to proceed in state court in determining arrears. That's undisputed. We agree with that. What goes with that is my client had the undisputed right to appeal a determination of arrears that he thought was incorrect. He's not stayed from that. Mr. Sternberg wasn't stayed from that. And defending against that is not a violation of the bankruptcy stay. No, it's not. But he went further than that. So everybody was fine if they'd limit it to that. But they went further than that. They tried to defend the part of the order that was a stay violation. Only by not differentiating it. They didn't specifically defend it. They just didn't separate it out. When you're in court saying, don't give him a stay, and he's supposed to report to jail the next day, it's pretty clear what you're doing. You're trying to get that person in jail. What about the fee issue that I raised before? Your Honor. I'm willing to find that the most disturbing thing. Ordinarily, as you know, there's an American rule. We don't pay the prevailing party doesn't get fees unless there's a provision for it. Now, this is a damages provision. And I fully understand why it is part of the damages in an adversary proceeding of this kind that you have to expend fees to get the stay lifted. But once you've expended fees to get the stay lifted, and you're now filing what is essentially an affirmative case with you as a plaintiff seeking damages for the effect of the stay, why isn't that like any other damages action in any other court in the United States? Why are we putting fees in as damages? We don't usually regard fees as damages in the case in which it's proceeding. In other words, it's one thing to get damages, fees as damages, for what happened before, but it's another thing to keep treating the damages in that very case as damages. Your Honor, I understand. I understand. And I will answer that question. Number one, is there any Ninth Circuit law equivalent? There is a Ninth Circuit BAP case that goes so far as to say – Any Ninth Circuit case? No. No. I don't think that specific issue has been considered. And I'm not sure the BAP case does it either. Which BAP case are you talking about? McHenry allows attorney's fees on a stay violation appeal. So it's further than what you're talking about, because you're saying, wait a minute, once you get to finding the stay – No, no.  Okay. All right. But I want to know why it covers you're getting affirmative relief after that in monetary relief. I have now been drugged. Small firm attorney, I have been drugged into six different courts defending the fact that this is a stay violation. I had to do it again today. So we've never ended that process in my client's contention. Well, that makes sense. So you're saying the stay violation issue is still going on. It's still going on. In fact, immediately after Judge Curley issued her order, my opponents, there were two defendants at that time, filed two interlocutory appeals to have it reversed and to have a determination that it wasn't a stay violation, which would have thrown my client back in jail. All right. So let's assume that all of the fees had to do with whether there was a stay violation in either state or bankruptcy court or corporate. But what about fees expended on the damages award? How much damages he should get and whether he should get damages. I mean, the bulk of the briefs or an awful lot of the briefs before us are about that. Yeah. Let's talk about the record, though. That's the record right there. There is not a single exhibit in there for my timesheets, which I submitted to the court. The court did a detailed finding. Did they take out the time that was spent in getting the damages? In obtaining the damages. You mean being at the trial? Yes, being at the damages trial in which there was a discussion about what it was and the establishment of emotional distress and so on. The record before this Court, my opponent did not include the detailed decision by the bankruptcy court. That's not a record. That's just the excerpts of record. We can get the record. So that doesn't matter. Okay. They haven't included it. Judge Curley went through line by line and decided. I know. I want to know what the standard is. Don't talk about what's in the excerpts of record. It's all in the record. The excerpt doesn't define the record. Don't make that argument. It's a loser. What I'm saying is Judge Curley went through. You said you can get it. And what I'm telling you is Judge Curley went through line by line with it. When she was applying, was she looking for the fees that went to the question of the stay or was she looking, including the fees that also went to the question of the damages award? She went line by line to determine if the attorney's fees were reasonable, which is what the standard in here says. That's the provision she used. That's what she used. I didn't know what she did. What was being accomplished by the legal work that generated those fees? Okay. It was defending against the interlocutory appeals. It was defending in the first district court appeal that she awarded. It was handling multiple motions that were filed by my opposition to which I had to respond. There's a – where we break it down, looking at the docket, there's something like 86 filings in this case between the trial and the stay violation. And not one of them – only one was a motion by me. Excuse me. For the adversary proceeding, the issue was the willfulness of the stay, right? And that's only necessary for the damages, right? Well, my client has also challenged that there's a stay violation. He did it here just a few minutes ago, and he's never stopped. There's been no effort to reinstitute the order that the state court entered since July, I think, 31st. Yes, there has. There were two interlocutory appeals that tried specifically to do that quickly so my client would end up back in jail. And when did those conclude? It will be in the docket record, but probably three or four months after they started. Okay. Now, is there a claim for fees for activity after that date? Yes, because I was responding to – I was responding to motions there. There were motions for reconsideration on the case. I was responding in every instance but one instance. The only motion I filed was to limit them from getting attorney's fees against my client in state court for the adversary proceeding. And the judge granted that. You filed an adversary proceeding in which you, as I understand it, after the state had been straightened out, that the violation was willful, and that you should get emotional distress damages for it. Right. You had to adjudicate something. You had to spend some money and some time to do that. That's right. Right. Why do you get those fees? Well – First of all, did you get those fees? I'm not certain, honestly. That's something that will be in the court's ruling where she went through line by line. It wasn't in the record so I didn't look at it. And why – is it your position that you're entitled to those fees? Yes. Why? Because I am required to be compensated for the time that I spend obtaining for my client his damages for the unlawful conduct of the client. All right. That's what I want to know. Now we've probably gotten to the issue. Now why is that? Given the general overall rule that ordinarily in American courts fees are not damages in the action in which you are seeking the damages. Because 11 U.S.C. 362H has a fee-shifting provision. No, it doesn't. It just says damages. Including reasonable attorney's fees. Yes. For the cost of lifting the state. What does it say exactly? Well, no, not for lifting the state, Your Honor, because we were obtaining. An individual injured by any willful violation of the state provided by this section shall recover actual damages including costs and attorney's fees. And in appropriate circumstances may recover damages. In other words, it's fees that are damages. The damage that he suffered because of the state. I'm really just not understanding. No, I don't think so, Your Honor, because if you get them on appeal, if you get them on appeal. All right. Is there any case law supporting this view of the damages? The case I have cited to you is the McHenry case. No, but that case we just established was about something else. Okay. That's the case that I have for you today, Your Honor. It is uniformly awarded across all courts that you are entitled to your attorney's fees for prosecuting a case. And the reason for that, the public policy reason for that. You mean in the bankruptcy world in general? Because as Judge Berzon cited, the American rule is usually you don't collect fees even if you prevail on a damage claim. The attorney's fees are not treated itself as an element of damage even though you have to expend them to win your damage claim. And I think the question she's trying to pose is what is it that justifies a different rule in the bankruptcy world? And what I've said is it's the statute that entitles you to your attorney's fees. The statute identifies attorney's fees as an element of damage. And that's true with regard to what you had to do to get out from under the stay order in the first place. But I'm not sure that it's true for what you had to do to try to collect and preserve the damage award. Your own adversary proceeding wasn't to get out from under the stay order. You were out from under the stay order before that proceeded. It was the litigation to collect the $2,300 of actual damages plus the $20,000 of emotional distress. And here we are years later with a fee award that just dwarfs that. And most of that effort wasn't necessary to get out from under the stay order. Apparently, it went more than until the end of July. It went to the state court, although after the bankruptcy court spoke at the end of July, I don't know how the state court proceeding could possibly have been intended to reinstitute the state order because the bankruptcy court already said they couldn't. But maybe it did for a time. Well, it still seems to me that most of your attorney's fees come not from getting out from under the stay order or getting out from under the state court order that violated the automatic stay, their effort to pursue the damages on the adversary proceeding. Had they succeeded on their appeals and reversed the bankruptcy court's order, the state court order would have sprung back to life. Where has there been an effort? Certainly before us, there's been no effort to reverse that part of the bankruptcy court order. Okay. But we're many, many years past. But you're also asking for attorney's fees for this stage of the case. So presumably you think that's included. I do. I do. And I'm citing the McHenry case, which allows a lot of appeals. But, Your Honor, there were these interlocutory appeals that we had to defend against. And it's not the case that once the bankruptcy court spoke, the matter was finished. Appellate courts trumped the bankruptcy court. So had we lost that appeal, my client could have been back in jail. Well, the state appellate courts don't trump the bankruptcy court. The bankruptcy court says this is a violation of the state. What's going to happen in state court to undo that? The interlocutory appeals were to the bankruptcy appellate panel. The interlocutory appeals that they tried to do were to undo the bankruptcy court's ruling that there was a state violation by the state court. So they appealed that to the back. But had they been successful? But you're still not engaging the legal issue. All right? I don't know the record well enough at this juncture to know at what point it was finished, you were adjudicating the question of whether there could ever be a state reinstituting. But let's assume at some point, and I don't know if the interlocutory appeals you're referring to were of that variety or not. But once the question of whether the state was going to go, could possibly go back into being eliminated was over with, why do you get fees as damages? We get them because of 11 U.S.C. 362H. It doesn't say that. It says you can get fees when they're damages. But it doesn't say you can get fees for getting damages. The public policy reason behind 362H is to allow the stay to be enforced. There's no government entity that is funded to do that. You put this burden on small debtors' councils to have to defend the stay against their creditors. This is a way that they were able to do it. If you adopt the rule that I hear you tossing around, throw the stay out. Because the stay is something that actually gets done in the trenches. You have to go to war. You have to defend it for your client. It's not done in some ivory castle. You're getting all of those fees to get rid of the stay. I mean, to institute the stay. You're going to get all those fees. Because that's damages. That is the cost of what the stay costs you. How do I get them if I don't proceed to trial to get them? I mean, how do I do that? I don't get paid to go to trial. How does that differ from any other case where you have a contract claim or you have a tort The American rule is not that attorneys' fees to win your damages are themselves an element of damages. Your Honor, I have no dispute with you about the American rule. I agree with you. That's how the American rule works. I dispute that the American rule applies to a bankruptcy case when 362H is implicated. I don't dispute with you the American rule. Okay? We understand your argument. Thank you. Revetal? Thank you. I want to make sure that you understand these interlocutory appeals that flowed afterwards up to the bankruptcy appellate panel. Our challenge was to Judge Curley's ruling that there were stay violations. It was not to try to reimpose the incarceration provision. If that's what I heard my opponent arguing, he's just wrong. We were always challenging whether or not there was a violation of stay by Mr. Sternberg. Well, suppose the BAP on one of those interlocutory appeals had said there is no stay violation. Okay. And then? Then Mr. Sternberg goes back to state court and enforces the original order? No. No, Mr. Sternberg never took any action at all. I understand. This is a hypothetical question. Suppose the BAP had said no stay violation. What happens at that point? Well, hypothetically, Mr. Sternberg could have gone back to state court and said to the state court judge, we want to be able to collect the alimony arrearage against non-estate property. He also could have, without implicating the stay, said if he doesn't pay out of that non-estate property, you could, one, hold him in contempt, and, two, you could sanction him however you determined to sanction him. And that could include incarceration, again, because you're not implicating bankruptcy of state property. That could have happened. But the order that would have been in place at the time the BAP in this hypothetical granted relief, that order would still be in effect? The order in terms of not allowing it? The order that was originally in it. No. No, the state court order? No. No, the state court order, that's not what Mr. Sternberg was trying to do or even hypothetically would have tried to do. And his testimony on that point is very clear. Was it ever modified? Was the state court order ever modified? It was vacated. It was deemed void. And Judge Curley sent the parties back to state court to start all over again from the get-go, including having to establish the alimony arrearage again. And that had occurred before the interlocutory appeal? Yeah, she chronologically, Judge Rothman, she sent them back to state court in August of 2001. The motion for leave to interlocutory appeal, and I don't remember precisely when, but as best as I can recall it was later in 2001 or early 2002. So the parties were sent back to state court to go forward and basically start all over again, determine the alimony arrearages, and then be permitted, Mr. Sternberg's client be permitted to pursue collection against non-estate property. I understand that point. Is there something else you wanted to? Just, no, I think that I'm done. Thank you very much. Appreciate it. Thank you both for coming in today. The case just argued, very interesting, will be submitted for decision. And we'll proceed to the last case on this morning's docket, which is the Equal Employment Opportunity Commission against the Boeing Company.
judges: Hawkins, Berzon, Clifton